UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN M. J., | ) | |
| | ) | |
| Plaintiff, | ) | No. 20 C 480 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Dawn M. J. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration Commissioner's decision denying her application for benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

**Background**

Plaintiff applied for disability benefits on May 5, 2014, alleging a disability onset date of May 8, 2011.[1] (R. 93.) Her application was initially denied on August 8, 2014, and again on reconsideration on April 10, 2015. (R. 101, 111.) Plaintiff requested a hearing, which was held by an Administrative Law Judge ("ALJ") on July 8, 2016. (R. 31-92.) On February 27, 2017, the ALJ issued a decision finding plaintiff not disabled. (R. 15-25.) The Appeals Council denied review (R. 1-3), and plaintiff appealed to this Court, which remanded for further proceedings. (R. 1019.) On October 2, 2019, after another hearing, the ALJ issued another decision finding plaintiff not disabled. (R. 872-83, 951-78.) The Appeals Council did not take

---

[1] Plaintiff later amended her disability onset date to January 31, 2012. (R. 872.)

jurisdiction of the case, leaving the ALJ's decision as the final decision of the Commissioner. *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the claimant's impairment meets or equals any listed impairment; (4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) if not, whether he is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden

2

is met, the burden shifts at step five to the Commissioner to provide evidence that the claimant is capable of performing work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from the amended alleged onset date through March 31, 2012, her date last insured ("DLI"). (R. 874.) At step two, the ALJ found that, through her DLI, plaintiff had the severe impairments of "curvature and degenerative disease of the cervical spine, and occipital neuralgia with migraines." (R. 875.) At step three, the ALJ found that, through her DLI, plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (*Id.*) At step four, the ALJ found that, through her DLI, plaintiff was unable to perform her past relevant work, but had the RFC to perform sedentary work with certain exceptions. (R. 875, 881.) At step five, the ALJ found that, through her DLI, jobs existed in significant numbers in the national economy that plaintiff could have performed, and thus she was not disabled. (R. 882-83.)

Plaintiff contends that the ALJ failed to follow this Court's remand instructions, which were to:

> [I]ssue a de novo decision accounting in the residual functional capacity finding for plaintiff's severe occipital neuralgia with headaches, and explaining in the decision how the residual functional capacity finding accounts for severe occipital neuralgia with headaches, and taking any further required action to complete the administrative record resolving these issues.

(R. 1019.) In relevant part, the ALJ said:

> The undersigned finds that the claimant's occipital neuralgia with migraines and her back pain would affect her concentration and ability to sustain complex work. In light of this, the undersigned has found that the claimant could have never worked at unprotected heights, occasionally be exposed to moving mechanical parts and could have occasionally operated a motor vehicle. She also would have been limited to simple routine tasks and made simple work-related decisions. To

3

> further assist with pain control and stress, the undersigned limited the claimant to occasional contact with coworkers, supervisors and the public.

(R. 879.) This language, and the ALJ's discussion of the medical evidence pertaining to plaintiff's occipital neuralgia that precedes it, sufficiently explain how the RFC accommodates plaintiff's headaches.

Even if the ALJ followed the remand order, plaintiff argues that the RFC is still faulty because the limitations in it "were not opined to by any doctor." (Pl.'s Br., ECF 13 at 6.) That is true; the state agency doctors, the only doctors who offered opinions, did not believe any accommodations were required for plaintiff's occipital neuralgia. (*See* R. 97-98, 107-09.) Thus, plaintiff believes the ALJ erred by incorporating more limitations in the RFC than any physician thought necessary, a notion the Seventh Circuit has rejected. *See Dudley v. Berryhill*, 773 F. App'x 838, 843 (7th Cir. 2019) ("When no doctor's opinion indicates greater limitations than those found by the ALJ, there is no error.") (citing *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004)); *Best v. Berryhill*, 730 F. App'x 380, 382 (7th Cir. 2018) (same).

Plaintiff also says the ALJ did not explain how "limitations on how much contact [plaintiff] could have with others lessened the impact or severity of her frequent headaches." (Pl.'s Br., ECF 13 at 6.) But plaintiff's argument assumes that the ALJ credited plaintiff's claims about her symptoms. On the contrary, the ALJ said, and the medical record shows, that through her DLI, plaintiff had migraine headaches "extremely rarely" and was doing "extremely well" with her neuralgia on a regimen of medication and nerve blocks. (R. 879; *see* R. 346, 397, 399.) This evidence suggests that no limitations were required for headache pain. Thus, the fact that the ALJ did not include greater limitations is not error.

Plaintiff faults the ALJ for not including an off-task percentage "accommodating [plaintiff's] . . . need to lie down and ice her head for several hours out of the day." (Pl.'s Br.,

4

ECF 13 at 8.) Again, this argument assumes that the ALJ found these allegations to be supported by the record, and she did not. (*See* R. 880-81 (stating that these restrictions, to which plaintiff's husband testified, were inconsistent with the medical evidence and plaintiff's own testimony about her condition before her DLI).) The ALJ was not required to accommodate alleged restrictions that she found to be unsupported.

Plaintiff further contends that the RFC does not adequately accommodate the sitting limitations that stem from her spinal impairment. Though plaintiff testified that she "[didn't] think [she] [could] sit for very long" (R. 50), the ALJ discredited that testimony because there was "no mention [in the medical records] of [plaintiff's] inability to sit for long periods," during the relevant time. (R. 881.) In reality, the record shows that plaintiff told her neurologist in early 2012 that her back pain travels into her right leg, "[i]f she sits for very long." (R. 346.) The ALJ's failure to acknowledge this evidence was error. *Strobach v. Colvin*, No. 12 CV 50012, 2014 WL 1388285, at *4 (N.D. Ill. Apr. 9, 2014) ("[W]hen the ALJ's decision is grounded on a mistake of fact, the court must remand.") (citing *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996)).

Moreover, the ALJ's subjective symptom evaluation does not withstand scrutiny. The ALJ said:

> [T]he claimant has a poor work history during the relevant period, including years without earnings, and all but one of the years that have earnings that are well below the substantial gainful activity level, suggesting limited work motivation. However, the undersigned notes that it appears the claimant was a stay at home mother for the majority of this period. As for activities of daily living, the claimant testified her scoliosis limited her ability to bend and perform household chores prior to having surgery. The clamant added that at the time she had two adult children living at home and a husband that worked every third day, so they helped with the chores. At the July 8, 2016 hearing, the claimant testified she continued to drive her other children to school a couple of times a week and she drove to the grocery store.

(R. 881) (citation omitted). It is not clear what this means. Did the ALJ believe that plaintiff's poor earnings record was because she lacked motivation to work or because she was caring for her family? The government argues that "[w]ork history is just one factor and is not dispositive," so the ALJ's reliance on plaintiff's marginal work history is not error. (ECF 20 at 11.) We do not disagree with the legal proposition relied upon by the government. *See Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016) ("work history is just one factor among many, and it is not dispositive"). However, our concern is one of reasoning. Based on the ALJ's assessment, we cannot discern whether the ALJ found that the plaintiff lacked motivation to work, or whether plaintiff's familial obligations made work outside the home too challenging to manage. Further, how does plaintiff's report that her husband and adult children took care of household chores detract from her claim that she had very limited daily activities? Because the above-noted explanation sheds no light on why the ALJ discredited plaintiff's allegations, the case must be remanded for a new symptom evaluation. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002) ("We have repeatedly admonished ALJs to 'sufficiently articulate [their] assessment of the evidence to assure us that [they] considered the important evidence and . . . to enable us to trace the path of [their] reasoning.'") (quoting *Hickman v. Apfel*, 187 F.3d 683, 689 (7th Cir. 1999)).

## Conclusion

For the reasons set forth above, the Court denies the Commissioner's motion for summary judgment [19], reverses the Commissioner's decision, and pursuant to the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                          **ENTERED:** November 4, 2020

**M. David Weisman**
**United States Magistrate Judge**